UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO CHICO ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>F. ORTA, et al.,<br><br>Defendants. | Case No. 16-cv-04186-KAW (PR)<br><br>**ORDER FINDING ONE COGNIZABLE CLAIM AND DISMISSING OTHER CLAIMS WITH PREJUDICE** |

Plaintiff Rodolfo Chico Anderson, a state prisoner incarcerated at Corcoran State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by officers at Salinas Valley State Prison, where Plaintiff was previously incarcerated. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

## DISCUSSION

### I. Preliminary Review of Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**II. Plaintiff's Claims**

On June 19, 2015, Plaintiff was placed in administrative segregation. On June 29, 2015, Plaintiff filed an administrative grievance (a form 602) against Officer F. Orta for not issuing Plaintiff his allowable property. On July 3, 2015, Officer Orta issued the allowable property to Plaintiff, but confiscated Plaintiff's dark grey tee shirt, Conair nose trimmer, two pairs of leather gloves, electric typewriter, CD player holder, television, four CDs, plastic nylon collapsible container and religious necklace. Except for the tee shirt, Plaintiff had been approved to have the confiscated items. When Plaintiff asked Orta why he was taking his property, Orta replied, "This will teach you not to try and 602 me."

On July 19, 2015, Plaintiff filed an administrative grievance against Sergeant D. Letbetter because she told Plaintiff she would return his property to him if he showed her proof of ownership, but she failed to return his property when he showed her his ownership documents. In fact, she took the documents and did not return them. Sgt. Letbetter reviewed Plaintiff's grievance against her in violation of a California regulation providing that administrative appeals are not to be reviewed by the staff person who participated in the event being appealed.

Liberally construed, the allegations appear to give rise to a First Amendment retaliation claim against Officer Orta.

However, the allegations about the taking of his property, even liberally construed, do not give rise to a constitutional violation. Neither the negligent nor intentional deprivation of property states a claim under § 1983 if the deprivation was, as was alleged here, random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient process. *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff's claim for deprivation of property is dismissed. Because the claim cannot be cured by amendment, the dismissal is without leave to amend.

Also, Plaintiff's allegation that Sgt. Letbetter violated a state regulation by reviewing Plaintiff's administrative appeal against her, even liberally construed, does not give rise to a constitutional violation because there is no constitutional right to a prison administrative appeal or grievance system in California, there is no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). This claim is dismissed without leave to amend because the claim cannot be cured by amendment.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claims based upon the taking of Plaintiff's property and the review of Plaintiff's administrative appeal do not state cognizable claims and are dismissed without leave to amend.

2. Liberally construed, the allegations give rise to a First Amendment retaliation claim against Officer Orta.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Correctional Officer F. Orta at Salinas Valley State Prison.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall

also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure require him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

5. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

6. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion,

Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

        b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. Defendant shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

9. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, although upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed at least 72 hours before the deadline.

**IT IS SO ORDERED.**

Dated: 10/19/16

KANDIS A. WESTMORE
United States Magistrate Judge